# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Antwoyn Spencer, | Case No. 18-CV-2587 (SRN/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| R. Marques, | |
| Respondent. | |

This matter is before the Court on Petitioner Antwoyn Spencer's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] and Memorandum of Law Supporting 28 U.S.C. § 2241 Habeas Corpus Petition [Doc. No. 2].  For the following reasons, the Court recommends that the Petition be dismissed without prejudice.[1]

In May 2007, the Government indicted Spencer in the United States District Court for the District of Minnesota for one count of conspiring to distribute cocaine and crack cocaine, one count of attempting to possess cocaine with the intent to distribute, and several counts of money laundering.  Indictment at 1–7, *United States v. Spencer*, No. 07-CR-174 (JRT/JJG) (D. Minn. May 21, 2007) [Doc. No. 1].[2]  Later that year, a jury convicted Spencer on the conspiracy and attempted-possession counts, as well as one money-laundering count.  Verdict at 1–3, *Spencer*, Doc. No. 144.  The Honorable John R.

---

[1] The Petition comes before this Court for review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The Petition is not governed by § 2254, but the Rules Governing Section 2254 Cases nevertheless apply.  *See* Rule 1(b).

[2] The Court will hereafter use the short form *Spencer* to refer to documents filed in Spencer's criminal case.

Tunheim, United States District Judge, sentenced Spencer to 324 months imprisonment. J. Crim. Case at 2, *Spencer*, Doc. No. 294.  On appeal, the United States Court of Appeals for the Eighth Circuit affirmed the conviction and sentence.  *United States v. Spencer*, 592 F.3d 866, 870, 882 (8th Cir. 2010).

After his appeal, Spencer filed two motions under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence; neither succeeded.  *See* Mot. Vacate, *Spencer*, Doc. No. 338 ("First § 2255 Mot."); *Spencer*, slip op. at 7, Doc. No. 363 ("Order Denying First § 2255 Mot."); Sletten Letter, *Spencer*, Doc. No. 430 (referring to recently filed application for § 2255 relief and noting that application "cannot be entertained" without circuit-court authorization).  Spencer has also filed, under 28 U.S.C. § 2241, numerous petitions for a writ of habeas corpus; all have been dismissed for lack of jurisdiction on the ground that Spencer could have proceeded on the claims in those petitions (if at all) only under § 2255.  *Spencer v. Watson*, No. 17-CV-3999 (SRN/LIB), 2017 WL 5564810, at *1, 3 (D. Minn. Sept. 20, 2017) (discussing history of filings and recommending dismissal of pending petition); *Spencer v. Watson*, No. 17-CV-3999 (SRN/LIB), 2017 WL 5564563, at *3 (D. Minn. Nov. 17, 2017) (adopting R. & R. and dismissing petition); *Spencer v. Marques*, No. 18-MC-45 (DSD), slip op. at 1–2 (D. Minn. July 2, 2018) [Doc. No. 3] (dismissing additional petition).

Spencer's present Petition argues that his trial and conviction are void because the court's jury instructions effected a variance of the indictment.  (*See* Pet'r's Mem. at 6–7.) For instance, he claims that while the indictment against him "charged a conspiracy to distribute cocaine *and* crack cocaine from or about 1998 *through* on or about May 21,

2

2007," the trial judge "altered the charge" by suggesting to the jury that it could convict if it found that "on or *before* May 21, 2007 two or more persons reached an agreement or came to an understanding to distribute cocaine *or* crack cocaine." (*Id.* at 7 (emphases in original); *cf.* Indictment (Count 1).) Spencer suggests these changes altered the indictment's terms on the conspiracy's timing and content (*i.e.*, a conspiracy to distribute one drug instead of two). He raises three other similar arguments: (1) that Count 1 of the indictment specified a three-defendant conspiracy, while trial court merely required conspiracy between Spencer and "at least one other person"; (2) that Count 4 of the indictment addressed "attempted possession" and used "aiding and abetting" language, but the trial court deviated from this by permitting conviction of "a single defendant intending not attempting to possess with intent to distribute"; and (3) that Count 8 of the indictment charged that Spencer "conducted *and attempted* to conduct a financial transaction affecting interstate and foreign commerce," but the trial court deviated from this by charging the jury "that the defendant could be convicted for financial transaction in *any way or decree affected* [*sic*] interstate *or* foreign commerce." (*See* Pet'r's Mem. at 7–8 (emphases in original).)

"It is well settled that a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate . . . under § 2255 . . . and not in a habeas petition filed . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986)). If a federal prisoner brings such a challenge under § 2241, the Court cannot entertain the petition unless the prisoner first shows "that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick*, 392

3

F.3d 957, 959 (8th Cir. 2004) (citation omitted); *see also* 28 U.S.C. § 2255(e) (habeas petition from federal prisoner "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"). The "inadequate or ineffective" language in 2255(e) is sometimes called the "savings clause," *Abdullah*, 392 F.3d at 959, because it can save a § 2241 habeas petition from being dismissed. The prisoner has the burden of establishing that § 2255 is inadequate or ineffective. *Id.* (citing *Hill*, 349 F.3d at 1091).

For a prisoner to establish that § 2255 is inadequate or ineffective in a particular case, "there must be more than a procedural barrier to bringing a § 2255 petition." *Id.* (quoting *Hill*, 349 F.3d at 1091). Section 2255 will not be viewed as inadequate or ineffective merely because "§ 2255 relief has already been denied, . . . or because petitioner has been denied permission to file a second or successive § 2255 motion, . . . or because a second or successive § 2255 motion has been dismissed, . . . or because petitioner has allowed the one year statute of limitations and/or grace period to expire." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted); *see also Abdullah*, 392 F.3d at 959. Notably for purposes of this case, a prisoner cannot raise in a § 2241 motion an issue which could have been or actually was raised in a § 2255 motion. *See Lurie*, 207 F.3d at 1077–78.

Here, all of Spencer's substantive arguments concern purported distinctions between the original indictment and the trial court's jury charge. These plainly could

4

have been made in Spencer's first § 2255 motion. Of his four arguments, only one was arguably made in his first § 2255 motion, *see* First § 2255 Mot. at 13–17 (arguing that trial counsel was ineffective for failing to object to jury instruction allegedly differing from Count 1 of indictment regarding necessary participants in conspiracy); and the District Court decided against Spencer on the point, *see* Order Denying First § 2255 Mot. at 4–6.

Spencer's Memorandum suggests that the § 2255 remedy is inadequate and ineffective here, thus triggering the § 2255(e) savings clause, because § 2255 "is the vehicle for a prisoner to have his sentence vacated, set-aside or corrected," while § 2241, in contrast, "is the vehicle for a prisoner to secure his immediate release from illegal detention." (Pet'r's Mem. at 4.) Spencer asserts that he merely seeks immediate release from illegal detention, putting him within § 2241's purview. (*See id.* at 4–5.) But Spencer in fact explicitly seeks to have his sentence vacated (*see id.* at 9 (asserting that his trial and conviction were "void")), so this argument fails; the right vehicle for relief here is § 2255. Offering no other argument why § 2255 is "inadequate or ineffective," Spencer has failed to establish that the § 2255(e) savings clause applies.

Because the savings clause is not applicable, Spencer's Petition is barred by § 2255(e)'s exclusive-remedy provision, and this Court must summarily dismiss the action for lack of jurisdiction. *See DeSimone*, 805 F.2d at 323–24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); *Abdullah*, 392 F.3d at 964 ("Because Abdullah did not show that

§ 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition.").

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: September 13, 2018         s/ *Hildy Bowbeer*
                                  Hildy Bowbeer
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).