# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Antwoyn Spencer,<br><br>      Petitioner,<br><br>v.<br><br>R. Marques,<br><br>      Respondent. | Case No. 18-cv-2587 (SRN/HB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER ADOPTING REPORT<br>AND RECOMMENDATION OF<br>MAGISTRATE JUDGE** |

Antwoyn Spencer, 14781-041, FCI-Sandstone, P.O. Box 1000, Sandstone, Minnesota 55702, pro se.

Ana H. Voss & Ann M. Bildtsen, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

      This matter comes before the Court on the Objection ("Objection") [Doc. No. 6] of Petitioner Antwoyn Spencer to Magistrate Judge Hildy Bowbeer's Report and Recommendation ("R&R") dated September 13, 2018 [Doc. No. 5]. In addition, Petitioner moves to expedite his habeas corpus proceedings. (Mot. to Expedite Habeas Corpus Proceedings [Doc. No. 8].) In the R&R, Magistrate Judge Bowbeer recommended that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] be denied. For the reasons set forth below, and after a *de novo* review, this Court overrules Petitioner's Objection, adopts the R&R in its entirety, denies the Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and denies Petitioner's Motion to Expedite Habeas Corpus Proceedings.

1

## I. Background

The facts and lengthy procedural history of this case have been thoroughly and accurately stated in several previous orders of this Court. (R&R of Sept. 7, 2007 [Doc. No. 124]; Mem. and Order Den. Mot. to Vacate, Set Aside, or Correct Sentence [Doc. No. 363].) Therefore, the Court, like the magistrate judge, recites the facts here only to the extent necessary to contextualize and rule on Petitioner's Objection.

After his convictions for conspiring to distribute cocaine and crack cocaine, attempting to possess cocaine with the intent to distribute, and money laundering, Petitioner filed two failed motions under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Mot. to Vacate under 28 U.S.C. § 2255 of April 23, 2010 [Doc. No. 338]; Letter from Clerk's Office re: § 2255 Pet. [Doc. No. 430].) Petitioner also filed numerous petitions for writ of habeas corpus under § 2241, all of which have been dismissed for lack of jurisdiction. After his last failed petition, he was required by the Court to seek authorization before filing any new civil actions. (Order of Aug. 31, 2018 [Doc. No. 3].)

On September 13, 2018, Petitioner filed the subject Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. In it, Petitioner asserts that his trial and conviction are void because the trial court's jury instructions effected a variance of the Indictment in several respects. (Pet'r's Mem. Supp. Pet. for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet'r's Mem.") [Doc. No. 2] at 6–7.)

Petitioner sets forth four supposed variances that support his theory. First, he contends that the trial judge errored when he suggested to the jury that it could convict if the conspiracy occurred "on or *before* May 21, 2007" instead of using the Indictment's

language of "from or about 1998 *through* on or about May 21, 2007." (Pet'r's Mem. at 7 (emphases in original).) Second, he alleges the Indictment specified a three-defendant conspiracy, while the trial count allowed the jury to find a conspiracy between the Petitioner and "at least one other person." (*Id.* at 7.) Third, he argues that the trial court varied from the Indictment when it allowed a conviction of "intended" intent to distribute instead of "attempted possession with intent to distribute." (*Id.* at 8.) Finally, he asserts that instead of the correct language from the Indictment, which indicated that Petitioner "conducted *and attempted* to conduct a financial transaction affecting interstate and foreign commerce," the trial court declared that Petitioner "could be convicted for financial transaction [that] in *any way or decree affected* [sic] interstate *or* foreign commerce." (*Id.*)

After reviewing Petitioner's claims, the magistrate judge found that each of Petitioner's arguments, related to the "purported distinctions between the original Indictment and the trial court's jury charge," "plainly could have been made in [his] first § 2255 motion." (R&R of September 13, 2018 at 4–5.) However, three of Petitioner's arguments were not made properly in his first § 2255 motion. And, even if this Court construes Petitioner's conspiracy argument as having been made in his § 2255 motion, that argument was previously rejected by this Court. (*Id.* at 5 (citing (Order as to Mot. to Vacate under 28 U.S.C. § 2255 of April 23, 2010 [Doc. No. 340] at 4–6).) As such, the magistrate judge concluded that "this Court must summarily dismiss the action for lack of jurisdiction." (*Id.*)

On September 26, 2018, Petitioner filed his Objection to the R&R. Petitioner

continues to attempt to use a petition for writ of habeas corpus under § 2241 to advance his claims—an approach that this Court and the magistrate judge have thoroughly addressed and rejected. Because this Court fully agrees with the magistrate judge's R&R, this Court overrules Petitioner's Objection and adopts the R&R in its entirety.

## II. Discussion

### A. Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Then, the district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

### B. Analysis

In his Objection, Petitioner sets forth two reasons why this Court should decline to adopt the R&R. He contends: (1) that the "writ of habeas corpus is a remedy . . . from any confinement contrary to the constitution or fundamental law" and (2) that "[a] writ of habeas corpus is the appropriate remedy" in this case. (Pet'r's Obj. at 1–2.) However, this Court reiterates that Petitioner has again filed the same "repetitive, meritless . . . petition" for a writ of habeas corpus under § 2241, which the Court has previously rejected for lack

of jurisdiction. *See Spencer v. Watson*, 2017 WL 5564810, at *3.

"[A] collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citation omitted). If a federal prisoner brings his claim in the court of incarceration under § 2241, the Court cannot entertain the petition unless the prisoner first shows "that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citing *Hill*, 349 F.3d at 1091); *see also* 28 U.S.C. § 2255(e). The court of incarceration "has subject matter jurisdiction only if the remedies in the sentencing district are inadequate or ineffective." *Hill*, 349 F.3d at 1090. The prisoner has the burden of establishing that § 2255 is inadequate or ineffective. *Hill*, 349 F.3d at 1091.

For a prisoner to establish that § 2255 is inadequate or ineffective in a particular case, "there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959 (citing *Hill*, 349 F.3d at 1091). Section 2255 will not be viewed as inadequate or ineffective merely because "§ 2255 relief has already been denied." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *see also Abdullah*, 392 F.3d at 959. Moreover, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092 (8th Cir. 2003) (citing *Lurie*, 207 F.3d at 1077–78).

As the magistrate judge noted, all of Petitioner's arguments in support of his

petition for writ of habeas corpus could have been made in his first § 2255 motion. (R&R of Sept. 13, 2018 at 5.) Petitioner was afforded ample opportunity to challenge his conviction and sentence under § 2255 and fully availed himself of that opportunity. (*See* Mot. to Vacate under 28 U.S.C. § 2255 of May April 23, 2010.)

Further, Petitioner's memorandum does not support his assertion that a § 2255 petition would have been inadequate and ineffective. Although Petitioner contends that he is within the bounds of § 2241, as he is merely seeking immediate release from illegal detention, he actually is explicitly seeking to have his sentence vacated. (Pet'r's Mem. at 9.) Petitioner offers no other adequate, intervening factual or legal authority to support his arguments as to why § 2255 is "inadequate or ineffective." As such, "Petitioner is barred by § 2255(e)'s exclusive remedy provision and this Court must summarily dismiss the action for lack of jurisdiction." (R&R of Sept. 13, 2018 at 5.)

In conclusion, after a *de novo* review of all the files, records, and proceedings herein, this Court agrees with the magistrate judge that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 should be denied. Accordingly, this Court overrules Petitioner's Objection and adopts the R&R in its entirety. Moreover, because this Court denies Petitioner's Petition for Writ of Habeas Corpus, Petitioner's Motion to Expedite Habeas Corpus Proceedings is moot.

### III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Spencer's Objection [Doc. No. 6] is **OVERRULED**;

2. Magistrate Judge Bowbeer's R&R [Doc. No. 5] is **ADOPTED** in its entirety;

3. Petitioner Spencer's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED**;

4. Petitioner's Motion to Expedite Habeas Corpus Proceedings [Doc. No. 8] is **DENIED**; and

5. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: November 5, 2018         s/ Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge